B. C. CROW *v.* SARAH WATKINS' HEIRS.

A judgment cannot be enjoined by a plea in compensation founded on notes of the plaintiff held by defendant before the judgment enjoined was rendered.

In the absence of proof it will be presumed that the notes were acquired before their maturity.

APPEAL from the District Court of Lafayette, *Dupré* J.

*M. E. Gomel,* for plaintiff and appellant. *D. O. Bryan, J. M. Porter* and *J. W. Walker,* for defendants..

SPOFFORD, J. Both parties complain of the judgment in this case, but we think both should be satisfied.

It is clear, that the credit for $195, claimed by the plaintiff in injunction without a certain date, was embraced in the schedule of credits marked A, as having been paid,—$95 on the 15th May, 1846, and $100 on the 26th May, 1846. As that schedule includes the $700 paid by the draft on *John Hall,* dated March 10th, 1849, it must have been executed after the receipt of March 14th, 1849, at the bottom of which the memoranda relative to the $195 appears. That memorandum is presumed to bear the date of the receipt above it, and there was as much reason to include the $195 in schedule A as the $700.

There was no error in rejecting the plaintiff's pleas in compensation, founded upon the notes of *A. J. Porter* and *A. Campbell,* and upon the account for professional services rendered in 1843. The claims were prescribed, and prescription was pleaded by those of the defendants in injunction who were interested.

The case of *Riddell* v. *Gormley,* 4 An., 140, does not apply to this, for here compensation is pleaded by way of exception, and it cannot be pretended that it took place by operation of law. If the plaintiff held the notes before the judgment enjoined was rendered he should have pleaded them there and then, and cannot enjoin now to compensate them. In the absence of proof he is presumed to have acquired them before maturity.

The District Judge did not err in placing his estimate of the value of the services rendered in the suit of *Rice* v. *Campbell* at $75, the mean between the two extremes mentioned in the statement of facts.

As to the answer of the defendants to the appeal it suffices to observe, that they were correctly condemned to pay the costs below, and that the prayer of *Martha O. Porter,* for damages, was rightfully refused, since the defendants brought about the necessity for the injunction, by issuing an execution for the whole of a judgment, about half of which, by their own admissions, had been discharged. No credits appear to have been allowed the plaintiff which are not justified by the evidence.

Judgment affirmed.